IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ANDREW CHARLES SPRAGUE, | ) | CASE NO. BK09-82123-TLS |
| | ) | |
| Debtor(s). | ) | CH. 13 |

## ORDER

Hearing was held in Omaha, Nebraska, on April 13, 2010, on the debtor's motion to avoid lien (Fil. #25) and resistance by Merchant Credit Adjusters, Inc. (Fil. #28). Wesley H. Bain Jr. appeared for the debtor, and John J. Reefe III appeared for Merchant Credit Adjusters, Inc.

Merchant Credit Adjusters, Inc. ("MCA"), holds a judgment in the amount of $4,622.95 entered on May 30, 2007, against Amanda Sprague. The judgment attached to the principal residence owned by Andrew and Amanda Sprague in Papillion, Nebraska. The Spragues filed for divorce in 2006 and separated at that time. A trial was held in the divorce case, but no decree of dissolution or order concerning the division of property has been entered.

Andrew Sprague initiated this bankruptcy case by filing a Chapter 13 petition on August 13, 2009. In his schedules, he valued the house at $148,000.00, and claimed a homestead exemption of $24,575.00, which is the full amount of the available equity in the property.. He subsequently moved to avoid MCA's lien under 11 U.S.C. § § 522(f)(1)(A)[1] as impairing the exemption to which he would be entitled. MCA opposed the motion, arguing that if the lien is avoided at all, it should be avoided only as to Andrew Sprague's interest in the property.

The matter presents the following questions:

1. What interest does the debtor hold in the property?

2. Is the debtor entitled to claim a homestead exemption in the property?

3. To what extent, if any, does the lien impair the claimed exemption?

---

[1]In relevant part, that section provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
>> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[.]

First, the ownership structure of the property, both on the petition date and presently, appears[2] to be joint tenancy by Andrew and Amanda. At the hearing, Andrew's counsel indicated that the judge presiding over the dissolution action had awarded the house to Andrew, although no decree or judgment has been entered. There is no evidence of that ruling in the record made on this motion, however, and at this point it does not appear that the ownership of the property has changed, so any potential future change in ownership is essentially irrelevant for purposes of this motion.

Under Nebraska law, "[a]n interest held in joint tenancy is considered 'per my et per tout' – by the half and by the whole – which means that each joint tenant owns the whole of the property from the time at which the interest is created." Rosso v. Rosso (In re Estate of Rosso), 701 N.W.2d 355, 362 (Neb. 2005). Accordingly, Andrew holds an undivided half interest in the real estate.

Second, this court follows Nebraska state courts' "liberal interpretation" of the homestead exemption in holding that once a homestead has been established, the right to the exemption remains even if the present circumstances do not fulfill the requirements for such an exemption. See In re Uhrich, 355 B.R. 783, 789-90 (Bankr. D. Neb. 2006):

> [In Palmer v. Sawyer, 103 N.W. 1088 (1905),] [t]he Nebraska court concluded that "when a homestead is once acquired, the right to the continuous enjoyment of it can only be defeated by the voluntary act of the claimant." Id. at 1091. Therefore, Palmer stands for the proposition that as long as the homestead claimant continues to reside there, the homestead character of the property continues in the claimant even though he/she may subsequently have no children or other dependents residing with him/her.

According to Palmer as interpreted by Uhrich, the fact that Andrew and Amanda were separated on the petition date does not affect the property's homestead status. Because the family considered the residence to be their homestead when they purchased it, it retains that status and Andrew may claim a homestead exemption in it. Uhrich, 355 B.R. at 790.

Third, "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." This requires a mathematical calculation, taking into account MCA's lien, any other liens on the property, and the homestead exemption.[3]

---

[2]No evidence was submitted on this point, so the court is relying on the statements of counsel.

[3]See § 522(f)(2)(A):

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there
> (continued...)

-2-

Andrew values the real estate at $148,000.00. It is subject to a deed of trust lien in the amount of $125,348.76, leaving equity of $22,651.24 in which Andrew has an undivided half interest. The full amount of the equity falls within the maximum homestead exemption amount[4], so there is no excess value to which MCA's lien can attach. For that reason, the lien may be avoided. Even if an alternative calculation is used in which the equity is allocated evenly between Andrew and Amanda because they are not joint debtors in this case and to account for the fact that the lien is a debt belonging to Amanda only, the outcome is the same. Under that scenario, Andrew could claim an interest worth $11,325.62 (half of the available equity), but it is still subject to the homestead exemption, so MCA's lien would be avoided in full. See In re Mueller, Case No. BK07-41274, 2007 WL 4893452 (Bankr. D. Neb. Dec. 17, 2007). In Mueller, the debtors were joint debtors, but the judgment had been entered against the husband only. The court avoided the judgment lien, holding that because the wife had not consented to having the homestead selected from her separate property under Neb. Rev. Stat. § 40-102, the entire amount of the homestead exemption should be subtracted from the husband's undivided one-half interest in the property. Because there was no available equity after the exemption amount, the lien impaired Mr. Mueller's exemption and was avoided.

The same result must obtain here. Regardless of how the computation is done, Andrew holds an undivided half interest in the entire property, he is entitled to claim a homestead exemption in the property, and MCA's lien impairs that exemption. Therefore, the full amount of the lien may be avoided.

IT IS ORDERED: The debtor's motion to avoid lien (Fil. #25) is granted. However, the lien shall remain in place until such time as the debtor completes plan payments and is entitled to a discharge.

DATED:     May 18, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

---

[3](...continued)
were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.

[4]Neb. Rev. Stat. § 40-101. Homestead, defined; exempted
A homestead not exceeding sixty thousand dollars in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner, and not in any incorporated city or village, or, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, and shall be exempt from judgment liens and from execution or forced sale, except as provided in sections 40-101 to 40-116.

Notice given by the Court to:
    *Wesley H. Bain Jr.
    John J. Reefe III
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.